UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| CHRISTOPHER SCOTT MAXWELL, | ) CASE NO. 10-79479-CRM |
| | ) |
| Debtor. | ) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - | ) - - - - - - - - - - - - - - - - - - - - - - - |
| HSBC MORTGAGE CORPORATION USA, | ) |
| | ) |
| Movant, | ) **CONTESTED MATTER** |
| vs. | ) |
| CHRISTOPHER SCOTT MAXWELL, Debtor, | ) |
| KYLE A. COOPER, Trustee, | ) |
| | ) |
| Respondents. | ) |

## NOTICE OF ASSIGNMENT OF HEARING

NOTICE IS HEREBY GIVEN that a Motion for Relief from Automatic Stay has been filed in the above-styled case. If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. If a final decision is not rendered by the Court within sixty (60) days of the date of the request, Movant waives the requirement that a final decision be issued within that period. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

**A HEARING will be held on August 19, 2010 at 10:00 AM in Courtroom 1203, U.S. Courthouse, 75 Spring Street SW, Atlanta, GA 30303.**

Dated: July 20, 2010
By: _/s/ Sidney Gelernter___
 Sidney Gelernter
 McCurdy & Candler, L.L.C.
 3525 Piedmont Road, NE
 Building 6, Suite 700
 Atlanta, GA  30305 (404) 373-1612
 Attorney for Movant

*M&C File No.09-20255*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| CHRISTOPHER SCOTT MAXWELL, | ) CASE NO. 10-79479-CRM |
| | ) |
| Debtor. | ) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - | ) - - - - - - - - - - - - - - - - - - - - - - - - - |
| HSBC MORTGAGE CORPORATION USA, | ) |
| | ) |
| Movant, | ) **CONTESTED MATTER** |
| vs. | ) |
| CHRISTOPHER SCOTT MAXWELL, Debtor, | ) |
| KYLE A. COOPER, Trustee, | ) |
| | ) |
| Respondents. | ) |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

Comes now HSBC Mortgage Corporation USA, its successors or assigns, a secured creditor of the above-named Debtor, and respectfully shows the Court as follows:

1.

Christopher Scott Maxwell, hereinafter known as Respondent, filed a Petition for Relief under 11 U.S.C. Chapter 7 on July 3, 2010, and is therefore subject to the jurisdiction of this Court.

2.

This Court has jurisdiction over this Motion pursuant to 11U.S.C. §362.

3.

HSBC Mortgage Corporation USA, its successors or assigns, hereinafter referred to as Movant, is a secured creditor of Chris Maxwell pursuant to a first mortgage Note and Deed. The first mortgage is evidenced by a Promissory Note, dated November 27, 2001, in the original principal amount of $311,200.00. The first mortgage Promissory Note is secured by a Deed executed by Chris Maxwell, dated November 27, 2001 which conveys certain property now or formerly known as 774

*M&C File No.09-20255*

Piedmont Avenue NE, Atlanta, Fulton County, Georgia, a true and correct copy of relevant portions of the deed is attached hereto and incorporated herein by reference as Exhibit "A". Said Deed is recorded in Deed Book 31404, page 74, Fulton County, Georgia Records.

4.

Movant affirmatively alleges that Respondent has failed to maintain the monthly mortgage payments to Movant and is due for the April 2009 through July 2010 payments. As of the date of the filing of this motion, there is a total deficiency of approximately $39,033.91. The above-mentioned Note and Deed are in default due to non-payment of the principal and accruing interest. The approximate loan payoff is $301,884.34.

5.

Movant further alleges that there appears to be no equity in Movant's secured property and that such property is not necessary for an effective reorganization of the Respondent's affairs. Since the Respondent remains delinquent on payments to Movant, Movant's security interest in said property is not adequately protected.

6.

Pursuant to 11 U.S.C. §362, Movant is entitled to a termination of the Automatic Stay with respect to its secured property, for cause, since the lack of adequate protection exists.

WHEREFORE MOVANT PRAYS:

(a) That the Automatic Stay entered by this Honorable Court pursuant to 11 U.S.C. §362 be modified so as to permit the Movant to exercise its right to foreclose its secured property under the terms of its Note and Deed and to send notices as required by state law; or, in the alternative, Movant at its option be permitted to contact the Debtor via telephone or written correspondence to offer, provide or enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement including a deed in lieu as allowed by state law.

(b) That the Movant's secured property be abandoned as property of the estate;

*M&C File No.09-20255*

(c) That the court waive the 14-Day Stay of Bankruptcy Rule 4001(a)(3);and

(d) For such other and further relief as this Court deems just and proper.

                McCURDY & CANDLER, L.L.C.

BY:  /s/ Sidney Gelernter
      Sidney Gelernter
      Attorney for Movant
      GA. State Bar No. 289145
      McCurdy & Candler, L.L.C.
      (404) 373-1612 Telephone
      (404) 370-7237 Facsimile
      sgelernter@mccurdycandler.com

3525 Piedmont Road, NE
Building 6, Suite 700
Atlanta, GA 30305

*M&C File No.09-20255*

RE: **CHRISTOPHER SCOTT MAXWELL**       CASE NO. 10-79479-CRM
                                        CHAPTER 7
                                        JUDGE MULLINS

## CERTIFICATE OF SERVICE

I, Sidney Gelernter, of McCurdy & Candler, L.L.C., 3525 Piedmont Road, NE, Building 6, Suite 700, Atlanta, Georgia 30305, certify:

That I am, and at all times hereinafter mentioned, was more than 18 years of age;

That on the 21st. day of July, 2010, I served a copy of the NOTICE OF ASSIGNMENT OF HEARING together with the "**MOTION FOR RELIEF FROM AUTOMATIC STAY**" to be filed in this bankruptcy matter by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to the said parties at:

Christopher Scott Maxwell
774 Piedmont Avenue NE #6
Atlanta, GA 30308

E.L. Clark
Clark & Washington
3300 Northeast Expwy.
Bldg. 3 Suite A
Atlanta, GA 30341

Kyle A. Cooper
Chapter 7 Trustee
615 Colonial Park Drive
Suite 104
Roswell, GA 30075

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on 7/20/2010                    By: /s/Sidney Gelernter
                                         Sidney Gelernter

*M&C File No.09-20255*

```
Deed Book 31404 Pg   74
Filed and Recorded Dec-05-2001 04:07pm
           2001-0311477
Georgia Intangible Tax Paid $934.50
         Juanita Hicks
       Clerk of Superior Court
       Fulton County, Georgia
```

———————————————[Space Above This Line For Recording Data]———————————————

# SECURITY DEED

Loan ID #

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated  **November 27th, 2001**  , together with all Riders to this document.
(B) "Borrower" is  **CHRIS MAXWELL**

. Borrower is the grantor under this Security Instrument.
(C) "Lender" is  **Unity Mortgage Corp.**
. Lender is a  **CORPORATION**  organized and existing under the laws of  **THE STATE OF GEORGIA**  . Lender's address is
**7840 Roswell Road, Bldg. 300, Ste 301, Atlanta, GA 30350-6877**
Lender is the grantee under this Security Instrument.
(D) "Note" means the promissory note signed by Borrower and dated  **November 27th, 2001**  . The Note states that Borrower owes Lender  **Three Hundred Eleven Thousand Two Hundred and no/100.- - - - - - - - - - - - - -**  Dollars (U.S. $ **311,200.00**   ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than  **December 1st, 2031**  .
(E) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(F) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(G) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| ☒ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ Other(s) [specify] |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | |

(H) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(I) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(J) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(K) "Escrow Items" means those items that are described in Section 3.
(L) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage

Initials: _____

GEORGIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT       Form 3011 1/01 (page 2 of 10 pages)
GAICM1 - 10162000                                                       www.MortgageBankingSystems.com

Deed Book 31404 Pg 75

Loan ID #

to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(M) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(N) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(O) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(P) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in the

County of FULTON
[Type of Recording Jurisdiction] [Name of Recording Jurisdiction]

FOR LEGAL DESCRIPTION SEE EXHIBIT "A" ATTACHED HERETO

which currently has the address of 774 PIEDMONT AVENUE #6, ATLANTA
[Street] [City]
Georgia 30308 ("Property Address"):
[Zip Code]

TO HAVE AND TO HOLD this property unto Lender and Lender's successors and assigns, forever, together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such

Initials: _____

GEORGIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3011 1/01 (page 2 of 10 pages)
GA1CM2 - 10162000    www.MortgageBankingSystems.com

Deed Book 31404 Pg   83

Loan ID #

releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**24. Waiver of Homestead.** Borrower waives all rights of homestead exemption in the Property.

**25. Assumption Not a Novation.** Lender's acceptance of an assumption of the obligations of this Security Instrument and the Note, and any release of Borrower in connection therewith, shall not constitute a novation.

**26. Security Deed.** This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

BORROWER ACCEPTS AND AGREES to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument.

Signed, sealed and delivered in the presence of:

_____
Unofficial Witness

_____(Seal)
CHRIS MAXWELL                -Borrower

_____(Seal)
                             -Borrower

_____(Seal)
                             -Borrower

_____(Seal)
                             -Borrower

_____(Seal)
                             -Borrower

_____(Seal)
                             -Borrower

My Commission Expires:

_____
Notary                       County

Notary Public, DeKalb County, Georgia
My Commission Expires Mar. 15, 2005

GEORGIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3011 1/01 (page 10 of 10 pages)
GAICMA - 10162000                                                     www.MortgageBankingSystems.com

Deed Book 31404 Pg 87
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

EXHIBIT "A"

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 49, 14TH DISTRICT, FULTON COUNTY, GEORGIA, AND BEING MORE PARTICULARLY DESCRIBED AS UNIT A-6 OF THE PARK OF FIFTH TOWNHOUSE SUBDIVISION (THE "SUBDIVISION"), AS SUCH UNIT IS MORE PARTICULARLY SHOWN AND DESCRIBED ON THAT CERTAIN MAP OR PLAT OF SURVEY OF SAID SUBDIVISION, DATED JULY 19, 1999, PREPARED BY METRO ENGINEERING AND SURVEYING CO., INC., CERTIFIED BY CHESTER M. SMITH, GEORGIA REGISTERED LAND SURVEYOR NO. 1445, RECORDED IN CONDOMINIUM PLAT BOOK 11, PAGES 118-120, INCLUSIVE, FULTON COUNTY, GEORGIA PUBLIC DEED RECORDS, AND BEING BY THIS SPECIFIC REFERENCE THERETO FULLY INCORPORATED HEREIN AND MADE A PART HEREOF FOR A MORE PARTICULAR DESCRIPTION. SAID PROPERTY IS KNOWN AS 774 PIEDMONT AVENUE UNIT A-6, ACCORDING TO THE PRESENT SYSTEM OF NUMBERING HOUSES IN FULTON COUNTY, GEORGIA.

ALSO: THOSE EASEMENTS APPURTENANT TO THE ABOVE DESCRIBED PROPERTY AS SET FORTH AND CONVEYED IN THE DECLARATION OF COVENANTS AND RESTRICTIONS FOR THE PARK AT FIFTH TOWNHOUSES SUBDIVISION AS RECORDED IN DEED BOOK 26866, PAGES 92-135, INCLUSIVE, FULTON COUNTY, GEORGIA PUBLIC DEED RECORDS, AND AMENDED BY AMENDMENT TO DECLARATION OF COVENANTS AND RESTRICTIONS FOR THE PARK AT FIFTH TOWNHOUSE SUBDIVISION RECORDED IN DEED BOOK 27635, PAGES 69-70, INCLUSIVE OF SAID PUBLIC DEED RECORDS (THE "DECLARATION").