IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-79479-CRM |
| | ) | |
| CHRISTOPHER S. MAXWELL, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| ——————————— | ) | |
| | ) | |
| CHRISTOPHER S. MAXWELL, | ) | |
| | ) | |
| Movant, | ) | |
| vs. | ) | |
| | ) | |
| HSBC MORTGAGE CORP USA, | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION TO REIMPOSE AUTOMATIC STAY

Now comes, Chistopher S. Maxwell (hereinafter the "Debtor"), by and through his attorney, and files this Motion to Reimpose Automatic Stay (the "Motion") pursuant to sections 362 and 105(a) with respect to HSBC Mortgage Corporation USA ("HSBC") on the ground that HSBC is not a proper party of interest in this case.

### JURISDICTION AND VENUE

1.       This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Determination of the Motion is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A),(G) and (K). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).  The statutory predicates for the relief requested herein are Federal Rules of Civil Procedure 60(b)(2), 60(b)(3) and 60(b)(6), Sections 105 and 362 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. as amended (the "***Bankruptcy Code***"), and Federal Rules of Bankruptcy Procedure 2002.

## STATEMENT OF FACTS

2.      On July 3, 2010 (the "***Petition Date***"), the Debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

3.      The Debtor resides at 774 Piedmont Ave, #6, Atlanta, Fulton County, Georgia 30308 (the "Property").  Debtor purchased the Property in 2001 by borrowing the principal sum of $311,200.00 from Unity Mortgage Corp., as secured by that certain SECURITY DEED recorded December 5, 2001 in Deed Book 31404, page 74 in Fulton County, Georgia (the "Security Deed") .

4.      On July 20, 2010, HSBC filed a motion for relief from the automatic stay [Doc. No. 12] (the "Stay Relief Motion"), and on September 10, 2010, the Court entered its Order granting HSBC relief from the automatic stay to proceed with its state law remedies, including foreclosing on the Debtor's residence.

5.      The Property is currently scheduled for a foreclosure sale on Tuesday, November 2, 2010.

6.      Debtor recently received information which appears to show that HSBC does not hold a valid assignment of a security interest in the Debtor's Property.  Exhibit 1, filed herewith, consists of an affidavit and several other documents which evidence a pattern of HSBC representatives executing assignments on behalf of the assignment grantor.

7.      That certain ASSIGNMENT OF SECURITY DEED for the Debtor's Property, as executed May 25, 2010 and recorded June 3, 2010 appears to be signed by Kevin J. Elliott on behalf of Unity Mortgage Corp.  See Exhibit 2.

8.    Upon information and belief, and as shown on Exhibit 3[1], filed herewith, Kevin J. Elliott is a Vice President with HSBC, and does not appear to have any known connection to Unity Mortgage Corp.

## LEGAL ARGUMENT

Federal Rule of Civil Procedure 60 provides, *inter alia*, that the Court may relieve a party from a final judgment, order, or proceeding upon the finding of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial;" or "fraud (whether previously intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;" or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(2), (3) and (6).

In this case, HSBC's Stay Relief Motion represented that it was a secured creditor by virtue of a promissory note, dated November 27, 2001 and the Security Deed, and a copy of the Security Deed was attached to the Stay Relief Motion.  However, the exhibits attached hereto demonstrate that HSBC's representations were misleading at best, and perhaps fraudulent, because the original holder of the Security Deed, Unity Mortgage Corp., never actually assigned the Security Deed to HSBC.

A motion for relief from the automatic stay must be prosecuted in the name of the real party in interst.  11 U.S.C. §362(d); Fed. R. Civ. P. 17(a)(1): Fed. R.Bankr. P. 7017.  "The real party in interest in relief from stay is whoever is entitled to enforce the obligation sought to be enforced."  *In re Jacobson*, 402 B.R. 359, 366 (Bankr. W.D. Wash. 2009).  Only the holder of the Note and Mortgage or its authorized agent, has standing to bring the Motion.  *Id.* at 367.  *See also In re Wilhelm*, 407 B.R. 392, 400 (Bankr. D. Idaho 2009) (holding that a Party seeking relief from the automatic stay bears the burden of proving it is a real party in interest).

Without a validly executed assignment from Unity Mortgage Corp., HSBC should not have been able to bring the Stay Relief Motion before the Court, because without such, HSBC could not

---

[1]  Exhibit 3 shows a profile for Kevin Elliot from the social networking site LinkedIn.com.  The profile appears to have been deleted now, but this copy was provided in an affidavit from Ronald Gillis of Murdock, Florida who reviewed the ASSIGNMENT OF SECURITY DEED for the Property.

establish its interest or standing in this case.  Standing is a "threshold question in every federal case,
determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).
Accordingly, "a defect in standing cannot be waived; it must be raised, either by the parties or by the
court, whenever it becomes apparent."  *U.S. v. AVX Corp.*, 962 F.2d 108 (1992) (citing *FW/PBS v.
City of Dallas*, 493 U.S. 215, 230-31 (1990)).

## **CONCLUSION**

Without a validly executed assignment, HSBC cannot establish that is a real party in interest
in this case, and HSBC never had standing to file the Stay Relief Motion.  Accordingly HSBC should
not have been granted relief from the automatic stay.  The Debtor request that the Court enter an
Order (1) setting aside the Order granting HSBC relief from the automatic stay, (2) re-imposing the
automatic stay so as to prevent the foreclosure of the Debtor's residence, and (3) granting such other
and further relief as the Court deems just and proper.

Respectfully submitted this 22nd day of October, 2010.

*/s/ Jason L. Pettie*
Jason L. Pettie, Attorney for Debtor
Georgia Bar # 574783
150 E Ponce de Leon Ave, Ste 150
Decatur, Georgia  30030
(404) 638-5984

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, do hereby certify that I have served a copy of the foregoing pleading on those parties listed below by mailing a copy thereof, via first class U.S. Mail in a properly addressed envelope with sufficient postage affixed, to the parties listed below:

Sidney Gelernter
McCurdy & Candler, LLC
3525 Piedmont Road, NE
Building 6, Suite 700
Atlanta, GA  30305

Kyle A. Cooper
Chapter 7 Trustee
615 Colonial Park Dr, Ste 104
Roswell, GA  30075

Office of the US Trustee
Suite 362
75 Spring Street, SW
Atlanta, GA 30303

*/s/ Jason L. Pettie*
Jason L. Pettie

# EXHIBIT 1

**[attached]**

■

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                          CHAPTER 7
CHRISTOPHER SCOTT MAXWELL,                      CASE NO. 10-79479-CRM

        Debtor,
-------------------------------------------------------------------------------
CHRISTOPHER SCOTT MAXWELL,

        Movant,

v.

HSBC MORTGAGE CORP. USA,

        Respondent.

## **AFFIDAVIT OF LYNN E. SZYMONIAK, ESQ.,**
## **AS DEBTOR/MOVANT'S EXPERT WITNESS**

STATE OF FLORIDA
COUNTY OF PALM BEACH

LYNN E. SZYMONIAK, Esq., having been duly sworn, deposes and states that if sworn as a witness she can testify competently to the facts stated in this affidavit, based upon her personal knowledge:

1. I am an adult citizen of the United States, and have resided in Palm Beach County, Florida since 1979.

2. I am an attorney and was admitted to the Florida Bar in 1980. My business address is: The Szymoniak Firm, P.A., The Metropolitan, PH2-05, 403 S. Sapodilla Avenue, West Palm Beach, Florida 33401. Telephone: (561) 630-6928. I have practiced law in Palm Beach

County for 31 years. I am a graduate of Bryn Mawr College in Bryn Mawr, PA, and Villanova Law School in Villanova, PA.

3. For the past twenty years, my practice has primarily been in cases involving white-collar crime allegations, particularly, in representing major insurance companies in claims that they have been defrauded by large policyholders.

4. In the last ten years, I have also served as an expert witness in civil and criminal cases. In criminal cases, I have served as an expert witness for the United States of America and the State of California. I have testified at trial in four federal court cases including two in Jacksonville, Florida, where the allegations involved false and fabricated documents including fabricated insurance policies and certificates of insurance. The two Jacksonville cases were United States v. Thomas King, Case No. 3:05-cr-52-J-99MMH, Middle District of Florida, Jacksonville Division and United States v. Donald Touchet, et al., Case No. 3:2007cr00090, Middle District of Florida, Jacksonville Division. My designation as an expert and the use of my testimony were affirmed in an 11th Circuit opinion, United States v. Robert D. Jennings, Case No. 08-13434 (11th Cir. Jan. 5, 2010). I also submitted an expert opinion for the government in a New York Northern District federal case that ended in a guilty plea: United States v. James Kernan, Case No. 5:2008cr00061. I have also been designated an expert on insurance regulatory matters in Florida and testified at trial in April, 2010, in a federal criminal trial involving financial guaranty insurance, United States v. Michael Zapetis, et al., Case No. 8:2006cr00026, Middle District of Florida, Tampa Division. This case also resulted in a guilty verdict. On July 19, 2010, I testified in a

2

criminal insurance fraud trial in Charleston, South Carolina, that also ended in a guilty verdict, <u>United States v. Robert Kohn</u>, Case No. 2:2009cr01127. I have also worked as a consultant/expert for the South Carolina Department of Consumer Affairs and the South Carolina Department of Insurance. I also submitted an expert opinion in a California state case involving fraudulent insurance practices and documents that resulted in a guilty plea in March, 2010, the <u>People of the State of California v. Mitchell Zogob</u>, Orange County, CA.  I have testified as an expert in a foreclosure case in Harris County, Texas.

5. I have written several articles on mortgage foreclosures and residential mortgage-backed securitized trusts, including the following: "An Officer of Too Many Banks," *Fraud Digest*, January 14, 2010; "Too Many Jobs," *Fraud Digest*, January 19, 2010; "Mortgage Assignments As Evidence of Fraud," *Fraud Digest*, February 9, 2010; "Inroads on Foreclosure Fraud by Mortgage Servicers" *Fraud Digest*, April 7, 2010; "Mass-Produced Affidavits Filed by Foreclosure Firms," *Fraud Digest,* April 13, 2010; "How Lender Processing Services, Inc. Solves Deutsche Bank's Missing Paperwork Problem in Foreclosures," *Fraud Digest*, April 16, 2010 and "The Real Employers of the Signers of Mortgage Assignments to Trusts," *Fraud Digest*, May 14, 2010.

6. I was formerly a Certified Fraud Examiner, and have had nine hours training by the National Association of Certified Fraud Examiners in identifying forged and fabricated documents, in a course taught by retired agents of the FBI.

7. I have examined a copy of the Assignment of Security Deed in the instant case, attached hereto as Exhibit A.

3

8. Regarding the Assignment marked Exhibit A, dated May 25, 2010, the GRANTOR/ASSIGNOR is identified as Unity Mortgage Corp. The GRANTEE/ASSIGNEE is HSBC Mortgage Corp. USA. This Assignment was signed by Kevin J. Elliott, who is identified as a Vice President of Unity Mortgage Corporation. This Assignment was notarized in Hillsborough County, FL. The Assignment also contains an unreadable signature of an individual who is identified as an "unofficial witness."

9. From my examination and knowledge of Mortgage Assignments, I know that the individual who signed the Assignment of Security Deed in this case, Kevin J. Elliott, was actually employed by a mortgage servicing company, HSBC Mortgage Services, Inc. that has offices in Brandon, Florida which is located in Hillsborough County, Florida. HSBC Mortgage Services, Inc. provides mortgage-related services to HSBC Mortgage Corporation, including providing "replacement" documents when HSBC Mortgage Corporation USA when that entity cannot locate or never obtained the documents needed to establish ownership of mortgages in order to foreclose. I have examined over 5,000 other Mortgage Assignments, including others prepared by HSBC Mortgage Services, Inc. also signed by Kevin Elliott. Copies of some of these Assignments are attached hereto as Exhibit B.

10. I am also familiar with valid Mortgage Assignments prepared by actual employees of Unity Mortgage Corporation, an entity with corporate offices located at 7840 Roswell Road, Suite 301, Atlanta, Georgia.   These offices are located in Fulton County, Georgia. Mortgage Assignments and Assignments of Security Deeds prepared by actual officers of Unity Mortgage Corp. are attached hereto as

4

Exhibit C. These Assignments were all signed and notarized in Fulton County, Georgia, the actual location of Unity Mortgage Corporation.

11.    Elliott is an employee of mortgage servicing company HSBC Mortgage Services, Inc. but he does not disclose this and instead represents that he is acting on behalf of the GRANTOR when he is actually employed by the GRANTEE. On May 11, 2010, Judge Arthur J. Schack, Supreme Court, Kings County, New York, addressed the issue of whether the signer of an Assignment was working for the grantor or grantee in a case involving an Assignment signed by an employee of the law firm representing the mortgage company in the case. The case involved a mortgage-backed securitized trust, SG Mortgage Securities Asset Backed Certificates, Series 2006-FRE2. U.S. Bank, N.A. served as Trustee for the SG Trust. See *U.S. Bank, N.A. v. Emmanuel*, 2010 NY Slip Op 50819 (u), Supreme Court, Kings County, decided May 11, 2010. In this case, the trust inexplicably did not produce a mortgage assignment from the original lender to the securities company to the trust. Instead, the assignment relied upon by the plaintiff was one executed by Elpiniki Bechakas as assistant secretary and vice president of MERS, as nominee for Freemont. Judge Schack determined sua sponte that Bechakas was an associate in the law offices of Steven J. Baum, the firm representing the trustee and trust. Judge Schack recognized that the Baum firm was thus working for both the GRANTOR and GRANTEE.  Judge Schack wrote:

> "The Court is concerned that the concurrent representation by Steven J. Baum, P.C. of both assignor MERS, as nominee for FREMONT, and assignee plaintiff U.S. BANK is a conflict of interest, in violation of 22 NYCRR § 1200.0 (Rules of Professional Conduct, effective April 1, 2009) Rule 1.7, "Conflict of Interest: Current Clients."

The foreclosure was denied. As in the *Emmanuel* case, Elliott often signs on behalf of the GRANTOR while actually working on behalf of the GRANTEE.

12. I have examined over 100 other Mortgage Assignments signed by Kevin J Elliott.   From my review of these documents, I have determined that Elliott often prepares fraudulent "replacement" Mortgage Assignments when the original documents cannot be located and does so without disclosing to the Court or the homeowner that the Assignments he has signed are NOT the original Assignments.

13. From 2000 – 2008, many mortgage companies frequently sold mortgages to larger lenders and banks.  It was not uncommon for a mortgage to be sold over a dozen times in a two-year period.  In the rush to sell residential mortgages, many mortgage companies and banks did not prepare and deliver essential paperwork.  In particular, many large banks discovered in 2009 and 2010 that Mortgage Assignments from mortgages purchased from smaller lenders were missing.

14.  I know from my knowledge and experience with Assignments of Mortgages that HSBC Mortgage Corporation USA in particular often failed to obtain the required Mortgage Assignments for the mortgages it purchased.

15. In my opinion, the present case is another example of HSBC Mortgage Corporation USA failing to obtain an Assignment that should have been obtained when it purchased the mortgage from Unity Mortgage Corporation.   The Assignment Date on the Exhibit A

Assignment is almost certainly incorrect. This Assignment of Security Deed is not indicative of any actual sale of a loan to the Respondent since the date of the original Security Deed is November 27, 2001 and this Assignment is made almost 10 years later. This Assignment of Security Deed appears to have been made solely for the purpose of establishing standing to foreclose by its Notice of Foreclosure dated June 4, 2010. According to a stamp in the upper left hand corner of the Assignment of Security Deed, this Assignment was prepared and filed by McCurdy & Candler, LLC, the law firm representing HSBC Mortgage Corporation USA herein. It is highly unlikely that HSBC Mortgage Corporation bought a non-performing loan and a loan that HSBC attempted to foreclose on unsuccessfully in January, May and July 2010. The fraudulent assignment was recorded on June 3, 2010 and a Notice of Foreclosure dated the next day, June 4, 2010 was sent to the homeowner by the same foreclosing attorney appearing as counsel for the Respondent. It is highly improbable that HSBC would purchase a loan 1 day before it initiated foreclosure proceedings against the property.

16. It is my opinion that the present case is another example of a bank in a foreclosure case failing to obtain and produce the Assignment that should have been obtained when it purchased the mortgage and note from the original lender and/or subsequent owners. For all of the reasons set forth above, it is my opinion that Exhibit A is a fraudulent Assignment.

FURTHER AFFIANT SAYETH NOT.

LYNN E. SZYMONIAK

COUNTY OF PALM BEACH

STATE OF FLORIDA

Before Me, the undersigned authority, on this _19TH_ day of October, 2010, personally appeared LYNN SZYMONIAK, known to me to be the person whose name is subscribed to the foregoing Affidavit, and acknowledged that she executed the same for the purposes therein contained.

In witness whereof, I have unto set my hand and official seal.

_Robert V. Brownlee_

ROBERT V. BROWNLEE

NOTARY PUBLIC
STATE OF FLORIDA

ROBERT V. BROWNLEE
MY COMMISSION # DD 720610
EXPIRES: October 1, 2011
Bonded Thru Budget Notary Services

Deed Book 14785 Pg 2502
Filed and Recorded Jul-21-2010 11:56am
2010-0095013
Real Estate Transfer Tax $0.00

*Jay C. Stephenson*
Jay C. Stephenson
Clerk of Superior Court Cobb Cty. Ga.



When Recorded, Return to:
Mr. Anthony DeMarlo/james /FNMA
McCurdy & Candler, L.L.C.
3525 Piedmont Road NE, Six Piedmont Center, Suite 700
Atlanta, GA 30305

## FORECLOSURE DEED

HSBC-NY
File No. 10-03456 /Shan Jen Huang

### STATE OF FLORIDA
### COUNTY OF HILLSBOROUGH

THIS INDENTURE made and entered into May 4, 2010, by and between Shan Jen Huang, acting by and through his/ her duly appointed agent and attorney-in-fact, HSBC Mortgage Corporation, Party of the First Part, and HSBC Mortgage Corporation (USA) as Party of the Second Part,

WITNESSETH:  That, whereas, heretofore on October 20, 1997, Shan Jen Huang executed a certain Deed to Secure Debt to Republic Consumer Lending Group, Inc., which is recorded in Deed Book 10766, Page 51, Cobb County, Georgia records, **and lastly assigned to HSBC Mortgage Corporation by Assignment recorded in Deed Book 14769, Page 234, Cobb County, Georgia records**; and which conveys the property hereinafter described to secure an indebtedness described therein, and

WHEREAS, said indebtedness was not paid in accordance with the terms of said Note and Deed to Secure Debt and became in default and under the terms thereof the entire principal and interest was declared due and payable, and

WHEREAS, the said HSBC Mortgage Corporation, as aforesaid, according to the terms of said Deed to Secure Debt did expose said property for sale to the highest and best bidder for cash on the first Tuesday in May, 2010, within the legal hours of sale before the Courthouse door in Cobb  County, Georgia, after first advertising said sale by a notice published in Marietta Daily Journal once a week for four weeks immediately preceding said sale and complying with the terms of said Deed to Secure Debt and said advertising, and

Deed Book 14785 Pg 2503

File No. 10-03456

WHEREAS, the property hereinafter described was knocked off to the Party of the Second Part, HSBC Mortgage Corporation (USA), being the highest and best bidder for cash, at and for the sum of Eighty-Two Thousand One Hundred Fourteen and 57/100 Dollars ($82,114.57).

NOW, THEREFORE, in consideration of the premises and the said sum of Eighty-Two Thousand One Hundred Fourteen and 57/100 Dollars ($82,114.57), cash in hand paid, the receipt of which is hereby acknowledged, the said Shan Jen Huang, acting by and through his/ her duly appointed agent and attorney-in-fact, HSBC Mortgage Corporation, as aforesaid, does hereby sell, transfer and convey unto HSBC Mortgage Corporation (USA) its successors and assigns, the following described property, to-wit:

**All that tract or parcel of land lying and being in Land Lot 915 of the 16th District, 2nd Section, Cobb County, Georgia, being Lot 4 and the South Half of Lot 5 of the property G.E. Chumley Subdivision, as shown on Plat recorded in Plat Book 24, Page 21, Cobb County, Georgia, records, and being more particularly described as follows: Beginning at an iron pin on the Easterly side of Bertha Way 274.5 feet Northerly from the intersection of the Easterly side of Bertha Way and the Northerly side of Piedmont Road, as measured along the Easterly side of Bertha Way, running thence Northerly along the Easterly side of Bertha Way 150.0 feet to an iron pin, thence Easterly 245.0 feet to an iron pin on the East line of Land Lot 915, thence Southerly along said Land Lot line 150.0 feet to an iron pin, thence Westerly 245.0 feet to an iron pin on the Easterly side of Bertha Way and the POINT OF BEGINNING.**

Notice of the foreclosure sale as required by Georgia Law in the form of a copy of the Notice of Sale submitted to the publisher was provided to the debtor at least thirty (30) days prior to the foreclosure sale on May 4, 2010.

Said property is conveyed subject to any outstanding taxes or assessments which may be liens against said property, any matters disclosed by survey and inspection, any liens, encumbrances, restrictions, covenants, zoning ordinances and any matters of record superior to the foreclosed Security Deed.

TO HAVE AND TO HOLD the said bargained premises, together with all and singular the rights, members and appurtenances thereof, to the same being, belonging or in any wise appertaining, to the only proper use, benefit and behoof of it, the said party of the Second Part, its successors and assigns, forever, in FEE SIMPLE.

Deed Book 14785 Pg 2504
Jay C. Stephenson
Clerk of Superior Court Cobb Cty. Ga.

File No. 10-03456

IN WITNESS WHEREOF, the said Party of the First Part has hereunto set his/her hand and affixed his/her seal, the day and year first above written.

Shan Jen Huang

BY:  HSBC Mortgage Corporation

BY:

Name:  KEVIN J ELLIOTT
Title:  VP

BY:

Name:  Shana Richmond V.P. Admin Svcs.
Title:

As Attorney-in-Fact

Signed, Sealed and Delivered
in the presence of:

Witness

Notary Public

CELESTE A. SANTIAGO
MY COMMISSION # DD 947208
EXPIRES: December 19, 2013
Bonded Thru Notary Public Underwriters

ASGN
DE Book 49412 Page 286

Deed Book 49151 Pg    32
Filed and Recorded Jul-01-2010 08:30aa
2010-0269099
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

When Recorded, Return to:
Attn:  Anthony DeMarlo/Foreclosure Dept/sm
McCurdy & Candler, L.L.C.
250 East Ponce De Leon Avenue
Decatur, GA 30030

STATE OF
COUNTY OF *Hillsborough*

File No. 08-09891

MIN# 1003932-2006098921-4

### ASSIGNMENT OF SECURITY DEED

FOR VALUE RECEIVED, HSBC Mortgage Services (hereinafter referred to as "Assignor") hereby sells, assigns, transfers, sets over and conveys without recourse unto Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as "Assignee"), whose address is 636 Grand Regency Boulevard Brandon, FL 33510, that certain Security Deed or Deed to Secure Debt executed by Leah R. Sonson to Mortgage Electronic Registration Systems, Inc.  and dated April 14, 2006 , recorded in Deed Book 42390, Page 578, Clerk's Office, Superior Court of Fulton  County, Georgia, together with the real property therein described; and also the indebtedness described in said Deed and secured thereby,  having this day been transferred and assigned to the said Assignee together with all of Assignor's right, title and interest in and to the said Deed, the property therein described and the indebtedness secured; and the said Assignee is hereby subrogated to all the rights, powers, privileges and securities vested in Assignor under and by virtue of the aforesaid Security Deed or Deed to Secure Debt.

Deed Book 49151 Pg    33
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

File No. 08-09891 MIN# 1003932-2006098921-4

This Assignment of Security Deed is executed on this _24_ day of _Jan . 2010_

Signed, sealed and delivered
in the presence of:

HSBC Mortgage Services

By: _____
Its: VP

By: _____
Its: VP

_____
Unofficial Witness

_____
Notary Public

My Commission Expires: _____

MICHELLE M. LASTER
MY COMMISSION # DD 699256
EXPIRES: July 26, 2011
Bonded Thru Notary Public Underwriters

Deed Book 49275 Pg 497
Filed and Recorded Aug-16-2010 01:59pm
2010-0316046
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

When Recorded, Return to:
Atten: Anthony DeMarlo/Foreclosure Dept/sm
McCurdy & Candler, L.L.C.
250 East Ponce De Leon Avenue
Decatur, GA 30030

STATE OF _Florida_

COUNTY OF _Hillsborough_

File No. 10-12495

MIN# 100022404794943551

## ASSIGNMENT OF SECURITY DEED

FOR VALUE RECEIVED, Mortgage Electronic Registration Systems, Inc., as nominee for HSBC Mortgage Corporation (USA), its successors and assigns. (hereinafter referred to as "Assignor") hereby sells, assigns, transfers, sets over and conveys without recourse unto HSBC Mortgage Corporation USA (hereinafter referred to as "Assignee"), whose address is 2929 Walden Avenue Depew, NY 14043, that certain Security Deed or Deed to Secure Debt executed by Tanqueray Clark to Mortgage Electronic Registration Systems, Inc. and dated April 9, 2008, recorded in Deed Book 46799, Page 203, Clerk's Office, Superior Court of Fulton County, Georgia, together with the real property therein described; and also the indebtedness described in said Deed and secured thereby, having this day been transferred and assigned to the said Assignee together with all of Assignor's right, title and interest in and to the said Deed, the property therein described and the indebtedness secured; and the said Assignee is hereby subrogated to all the rights, powers, privileges and securities vested in Assignor under and by virtue of the aforesaid Security Deed or Deed to Secure Debt.

Deed Book 49275 Pg  498
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

File No. 10-12495 MIN# 100022404794943551

This Assignment of Security Deed is executed on this _4_ day of _Aug_ , 2010

Signed, sealed and delivered
in the presence of:

Mortgage Electronic Registration Systems, Inc., as
nominee for HSBC Mortgage Corporation (USA), its
successors and assigns.

By: _____
Its:    Shana Richmond V.P. Admin
                        Svcs.

_____
Unofficial Witness

By: _____
Its:

_____
Notary Public

Kevin J. Elliott
V.P. Admin Services

My Commission Expires: 5/17/2014



**EXHIBIT 2**


**[attached]**

EXHIBIT 2

Deed Book 49073 Pg 186
Filed and Recorded Jun-03-2010 01:52pm
2010-0232990
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

When Recorded, Return to:
Attn: Anthony DeMarlo/Foreclosure Dep/tran
McCurdy & Candler, L.L.C.
250 East Ponce De Leon Avenue
Decatur, GA 30030

STATE OF EC
COUNTY OF Hillsborough                    File No. 09-20255

## ASSIGNMENT OF SECURITY DEED

FOR VALUE RECEIVED, Unity Mortgage Corp, (hereinafter referred to as "Assignor")
hereby sells, assigns, transfers, sets over and conveys without recourse unto HSBC Mortgage
Corporation USA (hereinafter referred to as "Assignee"), whose address is 2929 Walden Avenue
Depew, NY 14043, that certain Security Deed or Deed to Secure Debt executed by Chris
Maxwell to Unity Mortgage Corp and dated November 27, 2001 , recorded in Deed Book
31404, Page 74, Clerk's Office, Superior Court of Fulton County, Georgia, together with the real
property therein described; and also the indebtedness described in said Deed and secured
thereby, having this day been transferred and assigned to the said Assignee together with all of
Assignor's right, title and interest in and to the said Deed, the property therein described and the
indebtedness secured; and the said Assignee is hereby subrogated to all the rights, powers,
privileges and securities vested in Assignor under and by virtue of the aforesaid Security Deed or
Deed to Secure Debt.

Deed Book 49073 Pg  187
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

File No. 09-20255

This Assignment of Security Deed is executed on this 25 day of May 2010

Signed, sealed and delivered
in the presence of:

Unity Mortgage Corp,

By:
Its:

By:
Its:

_Unofficial Witness_

_Notary Public_

My Commission Expires: July 28 2012

Notary Public State of Florida
Madelyn Hernandez
My Commission DD792695
Expires 07/28/2012

**EXHIBIT 3**

**[attached]**

EXHIBIT 3

## Kevin Elliott
Department Manager at HSBC

Tampa/St. Petersburg, Florida Area

| | |
|---|---|
| **Current** | • **Vice President Operations at HSBC** |
| **Education** | • University of South Florida - College of Business Administration |
| **Connections** | **11** connections |
| **Industry** | Financial Services |

## Kevin Elliott's Experience

**Vice President Operations**
**HSBC**
(Public Company; HBC; Banking industry)
December 1998 — Present (11 years 10 months)

## Kevin Elliott's Education

**University of South Florida - College of Business Administration**
1998 — 2002